PHILADELPHIA PAPER MANUFACTURING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44110. Promulgated April 22, 1932.

*Theodore B. Benson, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

## OPINION.

TRAMMELL: Although the petitioner took a deduction of $105,464.11 in its return and asked in its petition that that amount be allowed, it now concedes that the amount deducted was erroneous and asks that there be allowed the amount of $85,535.33, which is computed in the following manner:

| | |
|---|---:|
| Capital stock of Fibopak Sales Company held by Fibre Container Company on June 1, 1923, and taken over by petitioner on July 1, 1923 | $46,000.00 |
| Indebtedness on open account owing by Fibopak Sales Company to Fibre Container Company on June 1, 1923, and taken over by the petitioner on July 1, 1923 | 31,080.17 |
| Indebtedness of Fibopak Sales Company to Fibre Container Company on notes on June 1, 1923, and acquired by the petitioner on July 1, 1923 | 67,000.00 |
| Indebtedness of Fibopak Sales Company to the Philadelphia Paper Manufacturing Company (old company) on notes on June 1, 1923, and acquired by petitioner on July 1, 1923 | 1,000.00 |
| Total | 145,080.17 |
| Less indebtedness of Fibopak Sales Company charged off by Fibre Container Company in 1923 | 34,575.88 |
| | 110,504.29 |

Advances to Fibopak Sales Company by petitioner from July 1, 1923,
to September 30, 1925 _____ $24, 985. 82

                                                                135, 490. 11
Less assets received by petitioner in liquidation of Fibopak Sales
Company _____ 49, 954. 78

        Balance _____ 85, 535. 33

The petitioner contends that as a result of taking over the assets of the Fibopak Sales Company in liquidation of that company it sustained a deductible loss of $85,535.33. The respondent denies that the petitioner sustained any deductible loss.

Of the deduction now claimed by the petitioner $24,985.82 represents advances made by it to the Fibopak Sales Company during the period of affiliation between July 1, 1923, and the date of the liquidation of the latter company in September, 1925, and owing to the petitioner on the latter date. In liquidation the petitioner received $49,954.78, which is in excess of the amount of the advances owing to it at that time. The evidence does not establish a loss either as a bad debt or otherwise, even if such intercompany transactions might give rise to a bad debt deduction. These advances could not have been considered a part of the cost of the stock acquired because they were in the first place mere loans and not made until after the acquisition of the stock upon liquidation of the Fibre Container Company.

With respect to the remainder of the deduction contended for, $1,000 represents the indebtedness of the Fibopak Sales Company to the old company on notes which were outstanding prior to affiliation and which apparently were acquired by the petitioner on July 1, 1923, when it acquired the assets of the old company. The record does not show what the cost of such notes to the petitioner was, nor does it disclose what the value was at the time of acquisition by the petitioner. Without such information we are not in a position to determine at what amount, if any, they are to be considered in determining the loss contended for, if any amount is allowable as a matter of law. At any rate if they are given a value of $1,000, that amount plus advances made subsequent to affiliation is still less than the amount received in liquidation. Therefore, the amount of $1,000 can not be considered as a loss arising either from an indebtedness owing the petitioner or otherwise.

The remaining portion of the deduction contended for relates to the capital stock of the Fibopak Sales Company formerly held by the Fibre Container Company and certain indebtedness owing by the former to the latter on open account and on notes. This stock and the right to receive payment of the indebtedness were acquired by the petitioner upon the liquidation of the Fibre Container Company on

July 1, 1923, the stock of that company having been acquired previously by the petitioner in exchange for its own stock. Regardless of any other legal question presented, it does not appear from the record what the stock of the Fibopak Sales Company and the right to receive payment of the indebtedness cost the petitioner. The evidence does not disclose what the stock of the Fibre Container Company cost the petitioner. The fact that the petitioner exchanged shares of its capital stock having a certain par value for stock of the Fibre Container Company having a certain other par value is not sufficient to warrant us in making any finding as to either the cost or value of such stock at the time of acquisition. We are not informed as to the value of the stock of the Fibopak Sales Company and the indebtedness at the time of their acquisition by the petitioner on July 1, 1923, nor do we know the value of that company's assets at that time. We therefore do not feel called upon to pass upon the questions of law which have been argued by counsel as to the effect of operating losses of the subsidiary during the period of affiliation or to determine whether any losses constitute intercompany transactions. In the absence of basic facts upon which to determine whether the petitioner has sustained a loss, such would be merely moot questions.

*Judgment will be entered for the respondent.*